UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAY 12 2026 PM5:16
FILED - USDC - FLMD - TPA

UNITED STATES OF AMERICA

v.

CASE NO. 8:26-CR-172-TPB-CPT

18 U.S.C. § 1542
(False statement in application
and use of passport)

JHON DARIO TELLEZ SEGURA
a/k/a "J.M.S."

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
**(False statement in application and use of passport)**

On or about May 8, 2024, in the Middle District of Florida and elsewhere, the defendant,

JHON DARIO TELLEZ SEGURA
a/k/a "J.M.S.,"

did knowingly and willfully make a false statement in an application for a passport with the intent to induce and secure for his own use, or for the use of another, the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that in such application the defendant included a false name with initials J.M.S., included a false date of birth, included a false Social Security number, attested under the penalty of perjury that all of the statements made on the application were true and correct, attested under the penalty of perjury that he did

not make any false statements on the application, and attested under the penalty of perjury that he did not include any false documents in support of the application, all of which he knew to be false.

In violation of 18 U.S.C. § 1542.

## COUNT TWO
### (False Use of Passport)

On or about April 19, 2026, in the Middle District of Florida and elsewhere, the defendant,

JHON DARIO TELLEZ SEGURA
a/k/a "J.M.S.,"

did knowingly and willfully use and attempt to use and furnish to another for use any passport the issue of which was secured in any way by reason of any false statement.

In violation of 18 U.S.C. § 1542.

## FORFEITURE

1.      The allegations contained in Counts One and Two of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provision of 18 U.S.C. § 982(a)(6).

2.      Upon conviction of a violation of 18 U.S.C. § 1542, the defendant shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(6):

a.      Any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense;

2

3

b.      Any property, real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; and

c.      Any property that is used to facilitate, or is intended to be used to facilitate, the commission of the offense.

3.      If any of the property described above, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

A TRUE BILL,

Foreperson

GREGORY W. KEHOE
United States Attorney

By: _____
Erin Claire Favorit
Assistant United States Attorney

By: _____
Gregory Pizzo
Assistant United States Attorney
Chief, Economic Crimes Section

4

FORM OBD-34

May 26

No.

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Tampa Division

THE UNITED STATES OF AMERICA

vs.

JHON DAIRO TELLEZ SEGURA,
a/k/a "J.M.S."

INDICTMENT

Violations: 18 U.S.C. § 1542

A true bill,

_____

Foreperson

Filed in open court this 12th day

of May, 2026.

_____  Karina Nieves
Clerk

Bail $_____

GPO 863 525