**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

**v.** **Case No. 8:26-cr-172-TPB-CPT**

**JHON DARIO TELLEZ SEGURA**
**________________________________/**

# DEFENDANT'S SENTENCING MEMORANDUM

Mr. Jhon Dario Tellez Segura respectfully requests concurrent sentences of time served, followed by one year of supervised release on each count, also concurrent, and no fine. He has been detained since April 19, 2026, approximately six and one-half months by sentencing. PSR at 1. His responsibilities as a father and a son help explain his original decision to obtain a false passport. His family ties and resources abroad, together with a supervised-release condition prohibiting unauthorized return after removal, support ending his incarceration now.

## I. HISTORY AND CHARACTERISTICS

As a father, Mr. Tellez Segura wanted to provide; as a son, he wanted to return. His mother raised him and his sisters after his parents divorced when he was four. His father moved to Venezuela, and he rarely saw him again. His mother worked at a bank and provided a loving home. PSR ¶ 43. When she developed cancer, he wanted to visit the woman who had raised him. He

explained that visiting his then-ailing mother in Colombia and his daughter in Mexico prompted the original passport application in 2012. PSR ¶¶ 15, 20.

His mother died that year. PSR ¶ 45. Her illness explains the original decision, but Mr. Tellez Segura accepts responsibility for renewing the passport in 2024 and continuing to use it afterward. He admitted knowing that his conduct was wrong, has pleaded guilty to both counts, and expressed remorse. PSR ¶¶ 5, 10, 15, 19–20.

His responsibilities as a father endured after his relationship with his daughter's mother ended. Wendy Johanna Tellez Quevedo is now twenty-four and attends college in Mexico. Before his arrest, he sent her $1,000 monthly for college and vehicle expenses. He told Probation that he had always contributed to her care. PSR ¶¶ 49–50. The distance between them did not end his responsibility to help her build a future.

He supported her through years of maintenance work. Ciminelli Real Estate Services confirmed that he worked there from February 2015 until April 2026 and described him as a “great worker.” The employer knew him under the false identity and did not know his true name. PSR ¶ 60. Eleven years with the same employer show the steady work habits that allowed him to support his daughter. Probation identifies his employment and support of his daughter

as factors that may warrant a below-guideline sentence. PSR ¶ 90. Both bear directly on his character under 18 U.S.C. § 3553(a)(1).

He has significant family ties and practical resources abroad. His sisters live in Neiva and Bogota, Colombia; one is a dentist and the other a retired bank employee. He reports monthly contact with them and plans to live with one after his return to Colombia. PSR ¶¶ 46–48, 51. He also earned a degree in computer systems administration in Colombia and worked for years at a Colombian bank as a manager. PSR ¶¶ 58, 64. His maintenance experience provides another skill he can use to support himself.

His ties to Mexico are also longstanding. His daughter lives there with her grandmother, and he previously lived and sold furniture there with her mother. PSR ¶¶ 42, 50, 63. These family relationships, familiarity with both countries, and vocational experience are meaningful resources for rebuilding outside the United States. His plan is to resettle in Colombia, with continuing family ties to Mexico.

In Florida, he lived alone and reported no spouse or current partner. His only child lives in Mexico. PSR ¶¶ 49–51. His closest family ties therefore give him reasons to remain abroad. With his plan to live with his sister and his experience supporting himself in both Colombia and Mexico, there is no

practical familial need for him to return to the United States. He can remain a father to his daughter while rebuilding a lawful life abroad.

## II. PUNISHMENT AND DETERRENCE

### A. Time served adequately punishes the offense

The nature and circumstances of the offense require a meaningful sanction. Mr. Tellez Segura used another person's identity to obtain a passport, renewed it, and presented it when returning through Tampa in April 2026. PSR ¶¶ 9–15. His family motives do not excuse those repeated choices. The sentence must protect the integrity of the passport system and promote respect for the law. 18 U.S.C. § 3553(a)(1), (2)(A).

More than six months of actual confinement accomplishes those purposes here. At sixty-one, Mr. Tellez Segura has no prior criminal convictions. PSR ¶¶ 35–42. His arrest interrupted the work and family support that had structured his daily life, and he now faces likely removal to Colombia. PSR ¶¶ 50–51, 60. Time served represents substantial punishment for this first conviction and falls within the advisory range. It also demonstrates to others that passport fraud carries real consequences. The Court can provide just punishment and adequate general deterrence without extending his confinement. 18 U.S.C. § 3553(a)(2)(A)–(B).

**B. Supervised release adds a specific deterrent to unlawful return**

Mr. Tellez Segura requests one year of supervised release to reinforce the obligation to remain outside the United States after removal unless legally authorized to return. A violation during the term could expose him to revocation and additional imprisonment, apart from a new prosecution. 18 U.S.C. § 3583(d), (e)(3). This directly addresses specific deterrence and protection of the public. 18 U.S.C. §§ 3553(a)(2)(B)–(C), 3583(c).

The Guidelines ordinarily discourage supervised release for a defendant likely to be deported, but expressly contemplate it when the particular circumstances warrant additional deterrence and protection. U.S.S.G. § 5D1.1(c) & cmt. n.9 (2026). Here, his prior unsuccessful entry attempts, subsequent unlawful entry, and later passport conduct provide an individualized reason for that additional deterrent. PSR ¶¶ 9–16. His family ties and resources abroad make compliance realistic. The requested year supplies a concrete incentive to follow through on his resettlement plan without extending the custodial sentence.

**C. His record supports rehabilitation outside custody**

His lack of prior convictions and sustained employment support the conclusion that additional confinement is unnecessary to protect the public. PSR ¶¶ 35–41, 60. The PSR describes no violence in this offense and reports

no mental-health or substance-abuse history requiring treatment in prison. PSR ¶¶ 9–17, 54–56. He has completed parenting, computer systems, and other courses while detained. PSR ¶ 59. His education, work habits, and family ties provide a practical foundation for rehabilitation outside custody. The considerations identified in § 3553(a)(2)(C)–(D) favor allowing him to begin that work.

## III. GUIDELINES AND OTHER SENTENCING FACTORS

The PSR applies the 2026 Guidelines Manual. It calculates a base offense level of 8, adds two levels for prior deportation and four for obtaining or using a United States passport, then subtracts two levels each for zero-point-offender status and acceptance of responsibility. The total is level 10, category I, with a range of 6 to 12 months. PSR ¶¶ 21–33, 38, 70. Time served is within that range; a custodial variance is unnecessary.

The available sentencing options and pertinent policy guidance also support ending incarceration. For qualifying zero-point offenders in Zones A and B, a nonprison sentence is generally appropriate. U.S.S.G. § 5C1.1 cmt. n.9 (2026). Mr. Tellez Segura has already served more than the six-month minimum. A sentence within the range, informed by his individual circumstances, respects the Guidelines and the need to avoid unwarranted disparities. 18 U.S.C. § 3553(a)(3)–(6).

Restitution is not applicable. PSR ¶¶ 86–87. Probation also concludes that he cannot pay a fine and is unlikely to become able to do so. PSR ¶ 68. His family and vocational resources for resettlement do not establish an ability to pay a financial penalty. The Court should impose no fine and the required $100 special assessment on each count. PSR ¶ 83.

## IV. CONCLUSION

Mr. Tellez Segura requests concurrent sentences of time served and one year of supervised release on each count, no fine, and the mandatory assessments. He requests a condition that, if removed, he remain outside the United States unless legally authorized to reenter. Those terms are sufficient, but not greater than necessary, under § 3553(a).

Dated: November 2, 2026.

Respectfully submitted,

CHARLES L. PRITCHARD, JR.
FEDERAL PUBLIC DEFENDER

*/s/ Ryan J. Maguire*
Ryan J. Maguire
Assistant Federal Public Defender
Florida Bar No. 117534
400 North Tampa St. Suite 2700
Tampa, FL 33602
Telephone: (813) 228-2715
Email: ryan_maguire@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 2, 2026, a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to Erin Claire Favorit, Assistant United States Attorney.

*/s/ Ryan J. Maguire*
Ryan J. Maguire
Assistant Federal Public Defender